55 So.2d 755

**HOSPITAL SERVICE CORP. OF ALA-
BAMA v. EUBANKS et al.**

**6 Div. 220.**

Court of Appeals of Alabama.
Oct. 23, 1951.

Rehearing Denied Dec. 18, 1951.

Lange, Simpson, Robinson & Somerville,
Birmingham, for appellant.

Lipscomb & Brobston, Bessemer, for appellees.

HARWOOD, Judge.

This cause was submitted in the court below on a stipulation of facts. Judgment was rendered for the plaintiff, hence this appeal by the defendant below.

The sole question presented for our review concerns the construction of certain portions of a rider attached to the policy, which will hereinafter be set out.

The agreed facts show that the plaintiff below, while the policy was in force, stuck a nail in her foot. She reported to Dr. J. E. H. Edwards' Hospital at McCalla, Alabama, and thereafter received treatment from him on an out patient basis.

It was further agreed that the Director of Claims for the defendant, in reply to plaintiff's claim, wrote her that there was no coverage under her policy "as surgery and the necessary anesthesia for same are the only two services allowed by our medical-surgical rider in the doctor's office or clinic."

It was further agreed that the plaintiff was never a bed patient in Dr. Edwards hospital on account of her foot injury, and that no surgery was performed.

The provision under which the plaintiff claimed her right to recover the monies paid by her to Dr. Edwards for medical

services is contained in a rider to the policy contract, and is as follows:

"I.   Benefits Included

"In addition to the benefits enumerated in the above said certificate, this rider provides for payment to a duly licensed physician, who is a member of his County Medical Society, for medical and surgical service rendered in the case of the subscriber and his dependents listed in the aplication to the following extent:

"A.   Medical Benefits

"As bed patients only, in a participating hospital, or in a non-participating hospital as provided in Condition III of the contract, for conditions not defined as Surgery or Delivery of a Child, the sum of five dollars ($5.00) for the first hospital call and the sum of three dollars ($3.00) for each subsequent hospital call, provided, however, that payment will be made for only one such hospital call a day and for not more than twenty-five hospital calls in any one contract year for the subscriber or for each listed dependent."

It is appellees' contention that because of the punctuation found in clause "A—Medical Benefits," it is not necessary that an insured be a bed patient in order to be entitled to benefits under this provision if the hospital in which the doctor renders the medical service is a non-participating hospital.

Bearing in mind the well settled principle that if an insurance policy is reasonably susceptible of two constructions, and there is doubt as to the meaning, the same is to be strictly construed against the insurer, we are yet of the opinion that the lower court erred in rendering judgment for the plaintiff, for in our opinion the terms of the provision reasonably admit of but one construction, and that is that the provision applies to bed patients only.

The terms of the entire provision limit the additional benefits to the following extent: "A Medical Benefits—*As bed patients only,* in a participating hospital, or in a non-participating hospital * * *." Condition III mentioned in the clause merely concerns the manner of processing and amount of the claims, and does not affect the construction otherwise.

The method of diagraming sentences once (and maybe yet) taught re-enforces our conclusions, for if this contractual provision be diagramed it is readily seen that the phrases "in a participating hospital" and "in a non-participating hospital," joined by the conjunction "or," modify "bed patients," as does the word "only" which in turn is modified by "as."

Furthermore, if the appellee's construction of this provision be followed then the conclusion would involve the premise that the insurer intended to confer greater benefits upon patients in non-participating hospitals than those granted patients in hospitals designated by the insurer as participating hospitals.   No reasonable basis exists for reading such intent into this contract.

Reversed and rendered.